(22 Misc. Rep. 475.)

### PHILLIPS et al. v. PHILLIPS et al.

(Supreme Court, Special Term, Oneida County. January, 1898.)

PARTITION—ISSUES BETWEEN CO-TENANTS.

Where plaintiff in an action to partition certain land by a sale thereof prayed that certain money advanced by him in perfecting the title should be first paid from the proceeds, defendants were entitled to prove that any money so advanced had been paid by the receipt of moneys belonging to the estate of their common ancestor, from whom all the parties derived title, in excess of such sum.

Action for partition by Benjamin S. Phillips and others against Leander Phillips and others. On motion by plaintiff to strike out certain allegations of the answer as irrelevant. Denied.

Miller, Fincke & Brandegee, for the motion.
Dunmore, Sholes & Ferris, opposed.

McLENNAN, J. This action is brought to partition certain lands situate in Holland Patent, Oneida county, N. Y. The complaint contains the usual allegations. It states the interests of the respective parties in the premises, and how acquired, and that the property cannot be actually partitioned. It is also alleged that the plaintiff, for the purpose of perfecting the title of the property in question in his father, through whom all the parties claim to own, paid individually the sum of $600, as a part of the purchase price of said premises, and took a deed therefor in form to his father, one Leander Phillips; that said deed was not delivered until after the death of Leander Phillips, and was therefore void; that subsequently the grantors in said void deed conveyed all their right, title, and interest in and to said premises to the plaintiff, in trust, nevertheless, for the plaintiff and the other heirs at law of said Leander Phillips. The plaintiff asks that out of the proceeds of the sale of the premises in question he be first paid the said sum of $600 paid by him as aforesaid, with interest thereon from the date of payment, and that the balance of the proceeds be divided according to the interests of the respective parties. The defendants by their answer put in

issue many of the allegations of the complaint, and deny that the plaintiff paid the said sum of $600, and set up the statute of limitations with reference to such payment, in case it was made by him. They also allege that the plaintiff has been in possession of the premises in question since the 1st of May, 1892, and has collected the rents, issues, and profits thereof, amounting to a large sum of money, and that he has never accounted therefor. It is also alleged that at the time the plaintiff claims to have paid the said sum of $600, or soon thereafter, he received from the estate of his father, Leander Phillips, the common ancestor, moneys amounting to the sum of $1,725, and that he has never accounted to the defendants for the same, or any part thereof. It is also alleged that soon after the death of Leander Phillips the plaintiff received other large sums of money from the estate of said Leander Phillips, and that he has not accounted for any of said sums, or any part thereof. The last two allegations of the answer the plaintiff asks to have stricken out as irrelevant. The plaintiff asks the court to decree, in the exercise of its equity powers, that the money paid or advanced by the plaintiff for and on behalf of himself and the defendants in perfecting the title to the real estate in question be first paid out of the proceeds of the sale of said premises. The defendants, in substance, ask that such decree be not made, for the reason that the money so paid by the plaintiff was in fact the money of the estate, or, if not, that soon after such payment was made by the plaintiff there came to his hands moneys belonging to the estate in amount more than sufficient to pay the sum so advanced by him. In other words, the defendants asked to be permitted to prove that the plaintiff has been paid the sum alleged to have been advanced by him, by receiving moneys belonging to the estate of Leander Phillips in excess of said sum.

The plaintiff invokes the jurisdiction of a court of equity in his behalf, and he therefore submits himself to the same jurisdiction, and he should be compelled to act equitably with his co-tenants. In Freem. Co-Ten. § 505, it is said:

"As the equities of the co-tenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces in partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition, not complicated by any special equities between the co-tenants."

It seems to me clear that the rights of the parties to this action cannot be properly and equitably determined if the defendants are precluded from making the proof which they seek to make under the allegations of the answer which are sought to be stricken out. It follows that the motion should be denied, with $10 costs of motion.

Motion denied, with $10 costs of motion.